JAMES E. HART, Bar No. 194168
jhart@littler.com
BRIAN E. COLE II, Bar No. 305830_
bcole@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine CA 92614
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
JACOBS ENGINEERING GROUP INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DUKE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JACOBS ENGINEERING GROUP, INC., a California Corporation, and DOES 1 to 100,<br><br>Defendants. | Case No. 8:17-cv-288<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT JACOBS ENGINEERING GROUP INC.**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>[Orange County Superior Court Case No. 30-2017-00895948-CU-WT-CJC]<br>Complaint Filed: January 6, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant JACOBS ENGINEERING GROUP, INC. (hereinafter "Jacobs" or "Defendant"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California (Southern Division).

This removal is based on diversity jurisdiction. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Orange, and serving upon Plaintiff and his counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with these removal papers attached.

In support of this Notice of Removal, Defendant states the following:

## I.   STATE COURT PROCEEDINGS

1. On January 6, 2017, Plaintiff Joseph Duke ("Plaintiff" or "Duke") filed his Complaint in this case in the Superior Court of California for the County of Orange, entitled *Joseph Duke, an individual, Plaintiff, vs. Jacobs Engineering Group, INC., a California Corporation, and DOES 1 to 100, inclusive, Defendants*, and assigned Case No. 30-2017-00895948-CU-WT-CJC (hereinafter, "Complaint"). Plaintiff's Complaint alleges claims for: (1) Retaliatory Termination in violation of public policy; (2) violation of Labor Code section 6310; (3) violation of Labor Code section 98.6; (4) Intentional Infliction of Emotional Distress; and (5) Violation of Labor Code section 1102.5(a)(b)(c). A true and correct copy of the Complaint is attached as **"Exhibit A"** to the Declaration of James E. Hart in support of this Notice of Removal ("Hart Decl.").

2.      On January 17, 2017, Plaintiff served the Summons and Complaint on Defendant along with Superior Court of California, County of Orange Civil Case Cover Sheet. (Hart Decl., ¶¶ 2-4).  A true and correct copy of Plaintiff's Summons and the Civil Case Cover Sheet are attached as **"Exhibit B"** and "**Exhibit C"**, respectively, to the Hart Decl.

3.      Defendant answered Plaintiff's Complaint in the Orange County Superior Court on February 15, 2017.  A true and correct copy of Defendant's Answer is attached to the Hart Decl. as **"Exhibit D."**

4.      Defendant has not been served with any other documents in this matter aside from Plaintiff's Complaint, Summons, and the Civil Case Cover Sheet, true and correct copies of which are attached hereto as Exhibits "A", "B" and "C" (Hart Decl., ¶ 6).

5.      Pursuant to 28 U.S.C. section 1446(a), the attached Exhibits A through C constitute all process, pleadings, and orders filed in this action.  (Hart Decl., ¶¶ 2-4, 6).

6.      As is set forth more fully below, based on the allegations of the Complaint and other evidence collected by Defendant, this Court has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  Therefore, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a).

II.     **DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

   A.   **Timeliness**

7.      Pursuant to 28 U.S.C. § 1446(b), "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

8.      As is set forth above, service of the Summons and Complaint on Defendant was effective January 17, 2017.  Therefore, removal is timely, as the action is being removed within the thirtieth day of service in accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

**B.      Venue**

9.      Venue is proper in this Court pursuant to 28 U.S.C. section 1446 because this action was originally filed in Orange County Superior Court, located within the District and Division of the Court.  Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the event or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a).

**C.      Procedural Requirements**

10.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as "Exhibits A-C" to this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all removal papers attached, is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Superior Court in Orange County and with the Clerk of the Central District of California.

**III.      DEFENDANT HAS SATISFIED THE REQUIREMENTS FOR DIVERSITY JURISDICTION**

11.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different states.  28 U.S.C. § 1332(a)(1).

**A.      There Exists Diversity Between the Parties.**

12.      Citizenship of Jacobs. Defendant Jacobs is a corporation incorporated in Delaware with its principal place of business in Texas.  (Declaration of Michael J. Bante ["Bante Decl."], ¶ 3).  A corporation's citizenship is determined by its state of

incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). The Supreme Court has held that a corporation's principal place of business is its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). A corporation's nerve center is its headquarters – "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. Jacobs was at the time of the filing of this action, and still is, a Company incorporated under the laws of the State of Delaware with its principal place of business in Dallas, Texas. (Bante Decl., ¶ 3.)

13. Jacobs' highest-level officers and management personnel, including its Chairman and Chief Executive Officer, currently are located and work out of the Dallas, Texas headquarters, which was also true at the time of the filing of the Complaint. (Bante Decl., ¶ 4.) Jacobs' senior executives, including the Chief Executive Officer, Chief Financial Officer, Senior Vice President Human Resources and Senior Vice President Transformation & Strategy, are based in Texas. (Bante Decl., ¶ 5.) Additionally, Dallas, Texas is where all of Jacobs' primary administrative functions and day-to-day operations, including payroll, human resources, and employee relations are performed. (Bante Decl., ¶ 6.) The Dallas, Texas, office is considered Jacobs' corporate headquarters. (Bante Decl., ¶ 3.)

14. <u>Citizenship of Plaintiff</u>. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. Plaintiff was a citizen of the State of California at the time this action was filed. Plaintiff was, at all relevant times, an adult resident of Rancho Cucamonga, California. (Complaint, Ex. A, ¶ 1.)

16. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(a).

LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine CA 92614
949.705.3000

Firmwide:145851269.3 999999.1981

5.

17.     Therefore, under 28 U.S.C. § 1332(a), this action is between parties who are citizens of different states: Plaintiff a citizen of California and Jacobs a citizen of Delaware and Texas.

18.     Once the foregoing minimal diversity has been established, removal is proper under 28 U.S.C. § 1332(d).  *Serrano v. 180 Connect Inc.*, 478 F. 3d 1018, 1019 (9th Cir. 2007).

**B.      The Amount In Controversy Exceeds $75,000**

19.     Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  However, assuming Plaintiff's claims to be accurate for purposes of this removal only, the amount in controversy exceeds the jurisdictional minimum.  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1205 (E.D. Cal. 2008).

20.     The Complaint does not indicate a total amount of damages claimed; consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum.  *Sanchez v. Monumental Life Insurance Company*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996).

21.     In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).  From the allegations in Plaintiff's Complaint, it is apparent that the amount in controversy exceeds $75,000.

22.     Lost wages.  Plaintiff seeks lost income and benefits in his Complaint. (Complaint, Ex. A, ¶¶ 16, 23, 39, 41 and Prayer for Relief.)  At the time of his

termination, Plaintiff alleges he was earning $32 per hour.  (Complaint, Ex. A, ¶ 5; Declaration of Leann Madsen ["Madsen Decl."], ¶ 3.)  Plaintiff's employment was terminated on approximately September 30, 2016.  (*See* Complaint, Ex. A, ¶ 16.) Although Defendant denies Plaintiff is entitled to recover any such damages, assuming *arguendo*, by the time of removal approximately 4.5 months will have passed since his termination, which assuming a 40-hour week would equate to $24,912.  Moreover, if the case proceeds to trial in January 2018, one year from when it was filed, Plaintiff's claim for unpaid future wages will include an additional 7.5 months of lost wages, which is approximately $66,432 for a combined total of $91,344.

23.     In addition, front pay awards in California frequently span a number of years.  *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).  Estimating that Plaintiff seeks front pay benefits for three years after trial, the amount of future wages in controversy in easily exceed $75,000.  Therefore, the amount of Plaintiff's alleged lost wages alone satisfies the amount in controversy requirement.

24.     Emotional Distress.  Plaintiff's claims for emotional distress are likewise properly considered in determining the amount in controversy.  In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party.  *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA,*

*Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction). Here, Plaintiff seeks unspecified emotional distress damages. (Complaint, Ex. A, ¶¶ 16, 23, 39, 42 and Prayer for Relief.) Plaintiff claims in his Complaint that his emotional distress includes, "extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering nervousness, tension, anxiety, and depression…." (Complaint, Ex. A., ¶ 23.)

25. Recent cases are illustrative that emotional distress damages alone in employment related claims may greatly exceed the minimum statutory amount in controversy. For example, in *Espinoza v. County of Orange*, 2009 WL 6323832 (Oct. 8, 2009), an Orange County jury awarded the plaintiff $500,000 in emotional distress damages against his employer, in addition to a sizeable lost wages award of $320,000, in a case in which the plaintiff asserted claims of unlawful discrimination, retaliation, wrongful discharge and intentional infliction of emotional distress. Similarly, in *Hernandez v. Regents of the University of California*, 2009 WL 6045700 (2009), a jury in Alameda County issued a $266,347 award for pain and suffering to a plaintiff-employee who determined that the plaintiff's employer wrongfully terminated his in retaliation for demanding reasonable accommodations. Finally, a jury in Sacramento County awarded a plaintiff $400,000 for his past pain and suffering, on causes of action for retaliation, failure to prevent retaliation, failure to provide reasonable accommodation and failure to engage in the interactive process. *Weyhe v. Wal-Mart Stores, Inc.*, 2010 WL 3411462 (July 1, 2010). Thus, the amount in controversy, when considering the potential amount of all damages sought by Plaintiff, including emotional distress damages, exceeds $75,000.

26. <u>Attorney's Fees</u>. Attorneys' fees are also properly included in the amount in controversy. *See Galt G/S v. JSS Scandinavia, supra*, 142 F.3d at 1156

("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Simmon v. PCR Tech., supra*, 209 F. Supp. 2d at 1035 (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount-in-controversy analysis).

27.     Plaintiff seeks attorney's fees.  (Complaint, Ex. A, ¶¶ 19, 40, and Prayer for Relief.)  The California Labor Code sections  6310, 98.6, and 1102.5 allows a prevailing plaintiff to recover attorneys' fees.  Although the amount in controversy is satisfied even without considering attorneys' fees, that Plaintiff seeks the recovery of fees underscores the $75,000 amount in controversy threshold is satisfied in this case.

28.     Punitive Damages.  Plaintiff seeks an award of punitive damages in his Complaint.  (Complaint, Ex. A, ¶¶ 18, 24, 40, 43, and Prayer for Relief).  As such, Plaintiffs punitive damages claim must also be considered in determining the amount in controversy.  *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount").

29.     Statutory Penalty.  Plaintiff also seeks a civil penalty in the amount of $10,000.  (Complaint, Ex. A, ¶ 44.)

30.     Based on the foregoing, Plaintiff's claims exceed the $75,000 jurisdictional limit of this Court required by the diversity statute.  Additionally, as set forth above, this is a civil action between citizens of different states.  Consequently, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and one that is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

/ / /

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), Defendant removes this case from the California Superior Court for the County of Orange to the United States District Court, Central District of California.

Dated:    February 16, 2017

/s/ James E. Hart
JAMES E. HART
BRIAN E. COLE II
LITTLER MENDELSON, P.C.
Attorneys for Defendant
JACOBS ENGINEERING GROUP
INC.

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 2050 Main Street, Suite 900, Irvine, California 92614.

On February 16, 2017, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT JACOBS ENGINEERING GROUP INC.**

on the interested parties by placing a true and correct copy thereof in a sealed envelope addressed as follows:

Roman Otkupman
Rita Leong
OTKUPMAN LAW FIRM, A LAW CORPORATION
21800 Oxnard Street, Suite 1160
Woodland Hills, CA 91367
T: (818) 293-5623
F: (888) 850-1310
Email:  roman@olfla.com
           rita@olfla.com

Attorneys for Plaintiff JOSEPH DUKE

☐   **VIA ELECTRONIC MAIL WHERE INDICATED:**  I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.  My email address is fcarrillo@littler.com.

☒   **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California. I am readily familiar with the practice of Littler Mendelson for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

☐ **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Littler Mendelson for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be picked up at Littler Mendelson's office by a Federal Express representative, or deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☐ **HAND DELIVERY:** by directing First Legal Network to personally deliver a copy of the document listed above to the person(s) at the address(es) set forth below.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

Executed on February 16, 2017, at Irvine, California.

_____

Frances M. Carrillo

LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine CA 92614
949.705.3000

Firmwide:145851269.3 999999.1981

12.