UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DUKE,<br><br>    Plaintiff,<br><br>v.<br><br>JACOBS ENGINEERING GROUP, INC., a California Corporation, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 8:17-cv-0288 DOC (KES)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>**[FRCP 34]** |

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033  1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Subject to the approval of this Court, Plaintiff JOSEPH DUKE ("Plaintiff") and Defendant JACOBS ENGINEERING GROUP INC. ("Defendant"), by and through their counsel of record, stipulate and agree as follows:

**1. GOOD CAUSE STATEMENT**

While the Parties, and each of them, reserve the right to object to and/or challenge whether certain information is confidential, proprietary, a trade secret, personal, and/or private, the Parties believe that they may be required to produce or disclose such information in this Action, and that nonparties may produce or disclose, information that is confidential and/or proprietary, and/or information that is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and/or loss to the disclosing Party, to the disclosing nonparty, or other nonparties.

THEREFORE, the Parties hereby stipulate that, subject to the Court's approval, the following procedures, which shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of personal, private, confidential, and/or proprietary information, including contact information of current and former third party employees of Defendant.

**2. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. It is the purpose of this Stipulated Protective Order to prevent the unauthorized disclosure of, personal, private, confidential, and/or proprietary information that is produced in this lawsuit in discovery. The Parties acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the appropriate local rule sets

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033      2

forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**3. DEFINITIONS**

    3.1 <u>Party</u>: Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    3.2 <u>Counsel</u>: Counsel of record, and other attorneys including attorneys who are employees of a party to this action, along with their paralegals, secretaries, and other support staff.

    3.3. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, or portions thereof.

    3.4 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that are confidential or sensitive proprietary, business, commercial or personal information.

    3.5 <u>"Highly Confidential - Attorneys' Eyes Only" Information</u>: confidential information which constitutes, discloses, reveals, describes or discusses, in whole or in part, trade secrets, information about any Party's net worth, financial statements or budgets, insurance-related information and at Defendant's election, contact information of any current and former employees of Defendant, other than Plaintiff.

    3.6 <u>Receiving Party</u>: a Party to this action and all employees, agents, officers and directors (other than Counsel) of the Party whose review of Protected Material, defined below at subsection 3.9, is required for the conduct of the above-entitled litigation, who receives Discovery Material.

    3.7 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    3.8 <u>Designating Party</u>: a Party to this action that designates materials produced or utilized in this litigation by any Party or any third party (pursuant to

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

subpoena or otherwise), as "Confidential Information" or "Highly Confidential - Attorneys' Eyes Only Information."

3.9 <u>Protected Material</u>: any Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in accordance with Paragraph 6 below.

3.10 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors.

**4. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**5. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Termination of this litigation shall be deemed to be the later of (1) dismissal of all claims and

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) Any document, any information produced on magnetic disks or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by any Party to contain or constitute Confidential Information shall be so designated by such Party. At least the first page of each document, and the front of each disk containing electronic data, that contains Confidential Information shall be marked on its face with the legend "Confidential – Subject to Protective

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033    5.

Order." Transcript pages containing or constituting Confidential Information shall be separately bound by the court reporter and marked "Confidential" on each page. If a Receiving Party wishes to show non-Confidential portions of a document or transcript containing Confidential Information to a person or party not described below in Paragraph 8, it shall first redact all pages designated Confidential and ensure that the substance of the Confidential Information cannot be discerned even with redaction.

(b) Any portion of any document, any information produced on magnetic disks or other computer-related media, and oral testimony produced or given in this action that is asserted by any Party to contain or constitute Highly Confidential - Attorneys' Eyes Only Information shall be so designated either by the Producing Party, or the Designating Party (if different). At least the first page of each document, and the front of each disk, shall be marked on its face with the legend "Highly Confidential - Attorneys' Eyes Only Information – Subject to Protective Order." Transcript pages containing or constituting Highly Confidential - Attorneys' Eyes Only Information shall be separately bound by the court reporter and marked Highly Confidential - Attorneys' Eyes Only on each page. If the Receiving Party wishes to show non- Highly Confidential - Attorneys' Eyes Only Information portions of a document or transcript containing Highly Confidential - Attorneys' Eyes Only Information to a person or party not described below in Paragraph 8, it shall first redact all pages designated Highly Confidential - Attorneys' Eyes Only. All designations of Confidential Information or Highly Confidential - Attorneys' Eyes Only Information shall be made on or before the time of the production of the information, except in the case of a production made by a third party to the action. In such case, a Designating Party may make such designation within 10 calendar days of receipt of such production. For a period of 10 calendar days from the date of such production, the information shall be treated as if it was produced pursuant to a designation of Confidential Information.

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only Information" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. The Receiving Party shall not be responsible for any disadvantage, harm, damage and/or loss caused to the disclosing Party, the disclosing nonparty, or other nonparties arising out of the Designating Party's failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The Designating Party may seek *ex parte* relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's Confidentiality or Highly Confidential - Attorneys' Eyes Only designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a Confidentiality or Highly Confidential - Attorneys' Eyes Only designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's Confidentiality or Highly Confidential - Attorneys' Eyes Only designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or in writing) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the

Confidentiality or Highly Confidential - Attorneys' Eyes Only designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3     Judicial Intervention.  A Party that elects to press a challenge to a Confidentiality or Highly Confidential - Attorneys' Eyes Only designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 37-1, if applicable or any applicable governing local rule if the matter is transferred) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the Confidentiality or Highly Confidential - Attorneys' Eyes Only designation that was given by the Designating Party in the meet and confer dialogue.

***Alternatively, if both the Designating Party and Receiving Party agree, they Parties may use the informal telephonic procedure described on the Court's website.***

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items.

(a) In the absence of written permission from a Designating Party or an order of the Court, any Confidential Information produced or designated in accordance with the provisions of this Order shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) the Receiving Party; (b) Counsel for the Receiving Party; (c) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (d) Professional Vendors and Independent Experts who are engaged for the purpose of this action by the Party receiving the information and their support personnel; (e) the individual who authored, prepared or received the information; and (f) certified court reporters taking testimony involving such Confidential Information.

(b) In the absence of written permission from a Designating Party or an order of the Court, any Highly Confidential - Attorneys' Eyes Only Information produced in accordance with the provisions of this Stipulated Protective Order shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) Counsel for the Receiving Party; (b) certified court reporters taking testimony involving such Highly Confidential - Attorneys' Eyes Only Information and their support personnel; (c) Professional Vendors and Independent Experts (and their support personnel) who are engaged for the purpose of this action by the Party or Counsel receiving the information; and (d) the individual or individuals who authored, prepared, or lawfully

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

received the information.

(c) <u>Custody of Protected Material</u>. All documents containing information designated "Confidential Information" or "Highly Confidential - Attorneys' Eyes Only Information" and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that (i) Professional Vendors and Independent Experts may retain documents containing Protected Material on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case, and (ii) the Parties to the action may retain documents containing Confidential Information on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case. A person with custody of Protected Material shall maintain it in a manner that limits access to qualified persons.

(d) <u>Independent Expert</u>. Subject to the provisions of this Order, all Protected Material may be disclosed to any Independent Expert who has agreed in writing or on the record of a deposition to be bound by this Order. Counsel need not identify the prospective expert to the other parties, except as ordered by the Court or as required by the Federal Rules of Civil Procedure.

(e) <u>Professional Vendors</u>. Subject to the provisions of this Order, all Protected Material may be disclosed to Professional Vendors who have agreed in writing to be bound by this Order. Counsel need not identify the prospective Professional Vendor to the other parties.

(f) <u>Acknowledgement of Protective Order</u>. Before obtaining access to any Protected Material covered by this Protective Order, any qualified person who is permitted to have access to Protective Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgement attached as Appendix A, indicating that they have read and understood this Protective

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033     10.

Order and agree to be bound by its terms.

(g) <u>Disclosure Pursuant to Consent.</u> Protected Material also may be disclosed to anyone so authorized by prior written consent of the Designating Party.

(h) <u>Conduct of Deposition</u>. Where testimony at a deposition involves disclosure of Confidential Information or Highly Confidential - Attorneys' Eyes Only Information, such deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Stipulated Protective Order.

(i) <u>Disclosure of Confidential Transcripts to the Deponent</u>. Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

(j) The limitation on disclosure contained in this Protective Order shall not apply to documents or information that (i) were already in the possession of the Receiving Party; or (ii) are or become published or available in a lawful manner that is not in violation of this Protective Order. Nothing in this Stipulated Protective Order shall be deemed to restrict in any way any Party's own documents or information, or his or its attorneys with respect to that Party's own documents or information.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or Court Order. The

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033    11.

Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033      12.

Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from the applicable court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in the court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

The Parties further stipulate to protect certain privileged and otherwise protected Discovery Material that is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation, the Parties are specifically afforded the protections of FRE 502 (d) and (e). The disclosure or production of Protected Document by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Protected Document, and the inadvertent disclosure or production of any Protected Document this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Protected Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind. If the Producing Party determines it has produced Protected Document(s), it

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033  13.

may notify the Receiving Party of such inadvertent production in writing (identifying the bates range(s) and log consistent with the requirements of the Federal Rules of Civil Procedure and basis for privilege or protection), and demand the return of such documents, and the Receiving Party shall respond until the issue is resolved by: (i) refraining from reading the Protected Document; (ii) returning, sequestering, or destroying all copies and derivative material of such Protected Documents (including the extracting the Protected Documents from databases where possible); and (iii) taking reasonable steps to retrieve the information if disclosed to any third part(ies) or otherwise, including signing Exhibit A. If a Receiving Party determines that any Protected Document has been disclosed, the Receiving Party shall immediately notify the Producing Party in writing and take the steps set forth in subsections (i) to (iii) in the preceding sentence until the issue is resolved, and the Producing Party shall have ten (10) days of receiving notice to inform in writing the Receiving Party of an intent to claim privilege and provide a log for such Protected Documents. The Receiving Party shall be free to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection, although the Receiving Party is prohibited and estopped from arguing that the disclosure is a waiver of an applicable privilege or evidentiary protection or that the disclosure of the Protected Documents was not inadvertent, or that the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents, or that the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

**12. FILING PROTECTED MATERIAL.**

(a) The Parties agree that persons employed by the United States District Court have no duty to the Parties to protect or maintain the confidentiality of any information in any papers filed with the Court, except as imposed upon them by the Federal Rules of Civil Procedure, the Local Rules for the Central District, or other

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033    14.

governing regulations of applicable district or other court or statutes.

(b) Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing Protected Material in accordance with the procedures set forth in C.D. Local Rule 79-5.2, as such Rule(s) may be amended from time to time, or other applicable local or other rule upon transfer. Upon the failure of a Party to seek the Court's approval to file under seal, a document containing Protected Material, any Party may subsequently seek the approval of the Court to file that document under seal, in accordance with the procedures set forth in Local Rule 79-5.2, as such Rule may be amended from time to time (or in accordance with any other applicable local or governing rule if the matter is transferred).

~~(c) Any Court hearing which refers to or describes Highly Confidential - Attorneys' Eyes Only Information or Confidential Information shall in the Court's discretion be *in camera*.~~

## 13. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033      15.

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5 (DURATION), above.

**14. MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3 <u>No Contract</u>. This Stipulated Protective Order is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the Parties or between the Parties and their respective counsel, except that if information designated as Protected Material is disclosed before this Court signs this Stipulated Protective Order, then the Parties shall abide by the terms of the Stipulation until the Court signs the Proposed Order or signs a modified or other protective order that is acceptable to the Court.

14.4 <u>Amendment</u>. The provisions of this Stipulated Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may, at any time, apply to the Court for modification of this Stipulated Protective Order pursuant to a motion brought in accordance with the rules of the Court.

14.5 <u>Survival of Obligations</u>. The obligations created by this Stipulated

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

1 | Protective Order shall survive the termination of this lawsuit unless otherwise
2 | modified by the Court. ~~The Court shall retain jurisdiction, even after termination of~~
3 | ~~this lawsuit, to enforce this Stipulated Protective Order and to make such amendments~~
4 | ~~and modifications to this Stipulated Protective Order as may be appropriate.~~

14.6 <u>Execution and Counterparts</u>. This Stipulated Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Signatures via facsimile or e-mail of any Party upon the signature page of this Stipulation re Protective Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: February 7, 2018

                                 */s/ James E. Hart*
                                 JAMES E. HART
                                 LITTLER MENDELSON, P.C.
                                 Attorneys for Defendant
                                 JACOBS ENGINEERING GROUP INC.

Dated: February 2, 2018

                                 /s/ *Roman Otkupman*
                                 ROMAN OTKUPMAN
                                 OTKUPMAN LAW FIRM
                                 Attorneys for Plaintiff
                                 JOSEPH DUKE

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>February 9, 2018</u>

                                 *Karen E. Scott*
                                 HON. KAREN E. SCOTT
                                 United States Magistrate Judge

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033      17.

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [*insert date*] in the case of *Duke v. Jacobs Engineering Group Inc. et al.*, Case No. 8:17-cv-00288-DOC-KES. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
Signature: _____

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

Firmwide:152784019.1 018139.1033     18.